UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Robert H. Boudreau,
    Plaintiff

    v.                                 Civil No. 09-cv-247-SM
                                       Opinion No. 2010 DNH 088
Celia Englander, M.D.,
Bernadette Campbell, P.T.,
John Eppolito, M.D., and
Robert MacLeod, M.D.
    Defendants


**O R D E R**

Robert Boudreau is serving a criminal sentence in the New Hampshire State Prison system. In this suit, he seeks compensatory and punitive damages, as well as declaratory and injunctive relief, claiming defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they altered the prescription medications he had been receiving to treat chronic back pain. See generally 42 U.S.C. § 1983. He also advances various state law claims for negligence, medical malpractice, and intentional infliction of emotional distress.

Defendants Robert MacLeod and Bernadette Campbell (the "State Defendants") move for summary judgment as to Boudreau's Eighth Amendment claims, asserting that, as a matter of law, he cannot prevail on any of those claims without a medical expert (which Boudreau has failed to disclose). As to Boudreau's state

common law claims, the State Defendants urge the court to decline to exercise its supplemental jurisdiction. Invoking the same legal theory, Defendants John Eppolito, M.D., and Celia Englander, M.D. (the "Physician Defendants") move to dismiss Boudreau's Eighth Amendment claims against them, reiterating that Boudreau cannot prevail without a medical expert.[1] Boudreau objects.

**Standard of Review**

When ruling on a motion for summary judgment, the court must "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990). Summary judgment is appropriate when the record reveals "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In this context, "a fact is 'material' if it potentially affects the outcome of the suit and a dispute over it is 'genuine' if the parties' positions on the issue are supported by conflicting evidence." Int'l Ass'n of Machinists & Aerospace

---

[1] Because the Physician Defendants filed answers to Boudreau's complaint, see documents no. 44 and 45, their motion to dismiss is properly viewed as one for judgment on the pleadings. See Fed. R. Civ. P. 12(c). More appropriately, however, they should have filed a motion for summary judgment since they challenge the sufficiency of Boudreau's proof, rather than the sufficiency of the complaint's allegations.

2

Workers v. Winship Green Nursing Ctr., 103 F.3d 196, 199-200 (1st Cir. 1996) (citations omitted). Nevertheless, if the non-moving party's "evidence is merely colorable, or is not significantly probative," no genuine dispute as to a material fact has been proved, and "summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986) (citations omitted).

The key, then, to defeating a properly supported motion for summary judgment is the non-movant's ability to support his or her claims concerning disputed material facts with evidence that conflicts with that proffered by the moving party. See generally Fed. R. Civ. P. 56(e). It naturally follows that while a reviewing court must take into account all properly documented facts, it may ignore a party's bald assertions, unsupported conclusions, and mere speculation. See Serapion v. Martinez, 119 F.3d 982, 987 (1st Cir. 1997).

**Background**

The relevant facts underlying this suit are discussed in detail in the Magistrate Judge's Report and Recommendation (document no. 34) and the court's order denying Boudreau's request for preliminary injunctive relief (document no. 60). In particular, the court's prior order sets forth the details

3

surrounding Dr. Eppolito's decision to begin tapering Boudreau's daily dosage of morphine (which, at one point, was over 200 milligrams) and the various physicians and pain management experts he consulted before beginning the tapering process. Accordingly, those details need not be recounted. Those facts relevant to the disposition of this matter are discussed as appropriate.

## Discussion

As construed by the Magistrate Judge, Boudreau's complaint advances two federal constitutional claims: first, that defendants displayed deliberate indifference to his serious medical needs by depriving him of narcotic pain killers and, second, that defendants retaliated against him (by depriving him of narcotic pain killers) for having filed various internal grievances and lawsuits. Boudreau also advances state common law claims for medical malpractice, negligence, and intentional infliction of emotional distress. See Report and Recommendation (document no. 34) at 12-20. See also Plaintiff's objection (document no. 65) at 1-2.

Although Boudreau objects to both pending dispositive motions, he has not submitted any affidavits in support of those objections. Accordingly, the only sworn testimony offered by

Boudreau is his relatively brief testimony on the first day of the hearing on his motion for preliminary injunctive relief. See Transcript of Proceedings for Evidentiary Hearing, Day 1 (document no. 47) at 23-59. That testimony focused exclusively on Boudreau's claim that Dr. Eppolito's decision to taper his daily dosage of morphine constituted deliberate indifference to his serious medical needs. Boudreau did not testify about any (alleged) retaliation undertaken by any of the named defendants in response to his having filed grievances or lawsuits.

I.  Deliberate Indifference to Serious Medical Needs.

In denying Boudreau's request for preliminary injunctive relief, the court made the following observations:

> To succeed on [his Eighth Amendment] claim, Boudreau will have to persuade a finder of fact, by a preponderance of the evidence, that the medical care provided at the New Hampshire State Prison by the named physicians was so substandard as to constitute "deliberate indifference" to his serious medical needs.
>
> Having carefully reviewed the record, including the transcript of the hearing held before the Magistrate Judge, it is apparent that Boudreau's Eighth Amendment claim does not rest upon facts from which a reasonable fact-finder could, or will likely, conclude that the treating physicians acted with deliberate indifference, at least not in the absence of expert medical opinion evidence. That is, this is not a case in which it is plausibly alleged that doctors, being aware of a serious medical necessity and attendant suffering, nevertheless did nothing, knowing that failure to intervene would continue and exacerbate that suffering, or result in permanent damage.

> Rather, this is a case in which Boudreau's medical condition, concededly serious chronic back pain, complicated by the comparatively high doses of opioids he was taking, was seemingly amenable to varying medical treatment strategies. Different treatment alternatives involve different potential benefits and risks that must be weighed and, in the end, professional medical judgment must be exercised in deciding upon an appropriate treatment plan. The hearing transcript discloses strong disagreement about the proper (or perhaps only the preferable) medical strategy that should have been pursued with respect to Boudreau's pain management. But, Boudreau is not medically trained, nor is his legal counsel, nor is this court, and Boudreau presented no expert medical evidence to contradict that introduced by the defendants.
>
> The medical care provided Boudreau to address his chronic back pain may have been perfectly reasonable and well within appropriate professional norms, or it may have been plainly substandard. Perhaps it was so substandard that it rose to the level of deliberate indifference for Eighth Amendment purposes. This factual record leaves the question open, however, and it is inadequate to support a finding that Boudreau is likely to establish "deliberate indifference" at trial. Indeed, as currently developed, the record is inadequate to support a finding that he is likely to establish even medical negligence at trial.

Order (document no. 60) at 2-4. The court then went on to conclude that:

> to demonstrate that one or more defendants were deliberately indifferent to his serious medical needs, Boudreau is obligated to show more than mere negligence or even medical malpractice. He has not, as a matter of law, met even the lower standard. As the record stands, Dr. Eppolito's unrebutted testimony is that, after consulting with at least four other medical providers, he determined, as a licensed medical professional, that Boudreau's narcotic dosage should be tapered. Each medical professional he consulted concurred that tapering was an appropriate treatment

response to Boudreau's condition. And, there was substantial testimony concerning the various medications that were prescribed during that taper to help alleviate Boudreau's pain.

For his part, and this is critical, Boudreau did not offer any expert medical opinion evidence tending to question or contradict Dr. Eppolito's professional treatment decisions. Instead, he merely produced evidence tending to show that he continued to suffer pain, notwithstanding the treatment provided, that his pain was not well-managed during the taper, or might have been better managed, or, in his opinion, managed differently.

* * *

This court lacks the medical training and expertise necessary to determine, in the absence of expert opinion evidence, whether the medical judgment exercised by the defendant physicians fell below an acceptable standard of professional care, much less that the medical care provided to Boudreau was so substandard as to implicate the Eighth Amendment. Stated slightly differently, the medical care Boudreau did receive was not so obviously and shockingly deficient that the court can conclude, without the benefit of supporting expert medical testimony, that Boudreau is likely to prevail on his Eighth Amendment, or even his common-law tort, claims. <u>Absent credible expert medical evidence to support Boudreau's position</u>, the evidence he did introduce at the hearing - particularly when considered in light of the evidence produced by defendants - is <u>simply too weak to support even a suggestion</u> that Dr. Eppolito was "deliberately indifferent" to his serious medical needs, or that the medical care Boudreau received was "repugnant to the conscience of mankind." <u>Estelle</u>, 429 U.S. at 106. <u>See also</u> <u>Feeney</u>, 464 F.3d at 162 (noting that "'deliberate indifference' defines a narrow band of conduct in this setting" and substandard medical treatment, "even to the point of malpractice, is not the issue").

<u>If Boudreau expects to prevail at trial on his constitutional and/or state tort claims in this case, he will need to present expert medical witness testimony</u>. At the very least, Boudreau will be

7

>    required to show that the medical care he received fell
>    below the standard of reasonable medical practice.

Order at 14-16 (emphasis supplied).

Nothing in the factual record has changed since the court issued that order and Boudreau still lacks essential testimony from a medical expert. Consequently, Boudreau's Eighth Amendment deliberate indifference claim cannot survive a motion for summary judgment.

II.   Retaliation Claim.

As this court has previously observed, to prevail on a First Amendment retaliation claim, an inmate:

>    must establish: (1) that he engaged in constitutionally
>    protected conduct, (2) that the defendants undertook an
>    adverse action against him, and (3) that a causal
>    connection exists between the adverse action and the
>    prisoner's protected conduct in that the defendants
>    intended to retaliate or were motivated to retaliate by
>    the prisoner's protected conduct.

Chase v. Ash, No. 04-cv-386-JD, 2005 DNH 92 (D.N.H. Aug. 17, 2006) (citations omitted). Given the lack of expert medical testimony supportive of Boudreau's view that the care he received was substandard, he cannot, as a matter of law, carry his burden of proof with regard to the second element. And, even if the care Boudreau received could be viewed as "adverse," there is no

evidence in the record to support even the inference that defendants engaged in such conduct in order to retaliate against Boudreau for having exercised his constitutional rights.

III. Boudreau's State Law Claims.

Finally, as to Boudreau's state common law claims for negligence, medical malpractice, and intentional infliction of emotional distress, the court declines to exercise its supplemental jurisdiction. See generally 28 U.S.C. § 1367. Section 1367 provides that the court may decline to exercise supplemental jurisdiction over a plaintiff's state law claim when:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c) (emphasis supplied). To assist district courts, the Court of Appeals for the First Circuit has identified the following additional factors that should be considered when determining whether to exercise supplemental jurisdiction over state law claims: (1) the interests of fairness; (2) judicial

9

economy; (3) convenience; and (4) comity. See Camelio v. American Fed'n, 137 F.3d 666, 672 (1st Cir. 1998). With regard to principles of fairness and comity, the Supreme Court has observed:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (footnote omitted).

Given that the court has determined that defendants are entitled to judgment as a matter of law as to all of Boudreau's federal claims, it declines to exercise supplemental jurisdiction over the state law claims in plaintiff's complaint.

## Conclusion

For the foregoing reasons, as well as those set forth in the court's prior order, the State Defendants are entitled to judgment as a matter of law as to Boudreau's federal claims. Accordingly, their motion for summary judgment (document no. 64) is granted. For the same reasons, the Physician Defendants are also entitled to judgment as a matter of law as to Boudreau's

federal claims. Their motion (document no. 62) is, then, granted to the extent it rests on the proposition that, absent expert medical testimony Boudreau cannot, as a matter of law, prevail on his federal constitutional claims.

As to Boudreau's state common law claims, the court declines to exercise supplemental jurisdiction and those claims are dismissed, without prejudice.

The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

May 24, 2010

cc:   Michael J. Sheehan, Esq.
      Edward M. Kaplan, Esq.
      Martin P. Honigberg, Esq.
      Laura E. B. Lombardi, Esq.